## Magaw *against* Cannon.

ERROR to the common pleas of *Alleghany* county.

This case is identical with the preceding, with the exception of a slight shade of difference in the facts, which is pointed out in

The opinion of the Court, delivered by

KENNEDY, J.—The decision of the case of M'Dowell and wife against Simpson and others, at the present term, rules this case. The counsel for the defendants in error, however, seemed to think that the letters of Magaw to Mr Brackenridge contained an authority in writing to make the lease, under which they claimed to hold the possession of the property in question; and that the present case was distinguishable in this respect from the case of M'Dowell *v.* Simpson. I, however, cannot perceive any direct authority given in those letters by Magaw to Mr Brackenridge to make a lease for seven years. It is true that Mr Brackenridge, in his letter of the 7th of January 1830 to Magaw, does suggest the propriety of giving a lease for from five to ten or seven to ten years, in order to obtain a better rent *per annum :* and Magaw, in a letter of the 14th of the same month to Mr Brackenridge, without saying whether he had received Mr Brackenridge's letter of the 7th or not, says, " I am perfectly willing to entrust the management of our Pittsburgh property to your knowledge of such business," without saying what business; and adds, "particularly as you are interested in the matter, and would do every thing for your own benefit, exclusive of your kind regard for me ; therefore do as you think proper for the general good." It is very probable that this letter was written with a view to the leasing of the property, and as an answer to Mr Brackenridge's of the 7th of January 1830. But Mr Brackenridge, on the 18th of the same month, wrote another letter to Mr Magaw, in which he proposes to him the project of their building upon and improving the property, by putting up on it eight storehouses ; and concludes by requesting an answer from him by the return of the mail, what his decision may be in regard to the building ; and again suggests that if they should not go on with the building, " it would be better for all of them to rent for ten years, than only for one. The long term would bring each a hundred dollars more rent *per annum* than the short one." To this Mr Magaw replies by letter dated the 23d of January 1830, in which he says he is " ready to embark in the project, but would like that *the next year would be spent not only in thinking* on the subject but in *executing*, so that the houses would be ready in April 1831 for occupancy." This appears to be the last communication from

[Magaw v. Cannon.]

Mr Magaw to Mr Brackenridge on the subject of leasing or building on the property, and seems to countermand in pretty plain terms any former authority that might have been given to lease for more than a year. Mr Brackenridge certainly *ought* to have had some further instruction afterwards, in writing, from Mr Magaw, before he undertook to make a lease of his real estate for a term of seven years.

The judgment is reversed, and a *venire de novo* awarded.